## LEWIS DOUCETTE *vs.* PAWTUCKET GAS CO.

### JUNE 5, 1908.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Agreements of Counsel in Writing. Accident and Mistake. New Trial.*

On a petition for leave to prosecute a bill of exceptions, where plaintiff failed to give notice under the rule of the filing of the bill for allowance in the Superior Court, alleging a verbal understanding with defendant's attorney, which the latter denied, plaintiff failing to establish the ground of his petition by a preponderance of evidence, the case must be governed by rule 28 of the Superior Court, requiring agreements to be in writing.

TRESPASS ON THE CASE. Heard on petition of plaintiff for leave to prosecute a bill of exceptions and for a new trial, and denied.

PER CURIAM. The plaintiff has preferred his petitions for leave to prosecute a bill of exceptions in this case, under the provisions of section 473, C. P. A., and for a new trial in said cause, averring that his failure to give notice of his filing of said bill of exceptions for allowance in the Superior Court was by reason of accident, misfortune, and mistake in this, that counsel for the plaintiff, as appears by his affidavit in support of the petition, "understood" the defendant's counsel, in a certain conversation, "to state that the defendant's counsel would not insist upon a notice of the filing of the bill of exceptions in said cause." The counsel for the defendant has filed an affidavit denying such statement, averring, on the contrary, that, during a conversation by telephone, concerning another case, the defendant's counsel inquired of plaintiff's counsel "what he was going to do in the Doucette case, to which question he replied that he was going to take it up, and I then told him not to fail to give notice of the filing of his bill of exceptions, thereby putting me in the embarrassing position of having to move to dismiss the bill in the Supreme Court."

We are of the opinion that the plaintiff has failed to establish the ground of his petition by a preponderance of evidence,

and that the case must be governed by the provisions of Rule 28 of the Superior Court, viz.:

"All agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity."

Petitions denied and dismissed.

*William M. P. Bowen and Julius L. Mitchell,* for petitioner.

*Edwards and Angell,* for respondent.